# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICK A. HOLTZ,**
          **Petitioner,**

    **v.**                                   **Case No. 06C0965**

**PHIL KINGSTON,**
          **Respondent.**

## DECISION AND ORDER

On September 13, 2006, Rick Holtz filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted after a jury trial of one count of second degree sexual assault of a child under the age of sixteen and sentenced to 33 years in prison. Petitioner is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

The threshold question with respect to this petition is whether I must dismiss it because it is a "second or successive" petition pursuant to 28 U.S.C. § 2244. Petitioner

has filed two habeas petitions this year other than the one presently before me. However, both of these cases were dismissed without prejudice for failing to exhaust state remedies with respect to petitioner's claim that he was denied effective assistance of appellate counsel. Holtz v. Kingston, No. 06C0186 (E.D. Wis. March 21, 2006). Holtz v. Kingston, No. 06C0485 (E.D. Wis. April 21, 2006). "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." Slack v. McDaniel, 529 U.S. 473, 485-486 ( 2000). Therefore, this petition is not "second or successive" within the meaning of § 2244.

In the present petition, petitioner has abandoned his claim for ineffective assistance of appellate counsel, and is only alleging that his trial counsel was ineffective in that he failed to call witnesses regarding crime lab analysis favorable to petitioner, failed to interview and prepare defense witnesses so that they could discredit the prosecution's witnesses, and failed to impeach the prosecution's complaining witness. These are all colorable constitutional claims under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition;

(2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 25 day of September, 2006.

/s_____
LYNN ADELMAN
District Judge