## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RICK A. HOLTZ,
        Petitioner,

    v.                                                                                             **Case No. 06-C-965**

**MICHAEL THURMER,**
        Respondent.

## DECISION AND ORDER

      On September 13, 2006, Rick A. Holtz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 13, 2007, I denied his petition. Petitioner has since filed a notice of appeal and a motion for a certificate of appealability.

      Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). The certificate may issue only if the applicant makes a substantial showing of the denial of a constitutional right. See § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See § 2253(c)(3). Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

Petitioner was convicted of sexual assault of a child. He argues that his trial counsel should have impeached the victim with testimony by the victim's mother and by police officers, and with evidence that the victim was alone with another teenager during the night of the assault, and that his trial counsel should not have handled crime lab test results differently. However, the state court found that each of these defense choices were reasonable strategic decisions and thus petitioner's counsel had not performed deficiently. I concluded that the state court's decision was quite reasonable, and I do not believe that jurists of reason would disagree with such conclusion. In addition, petitioner argues that his trial counsel should have interviewed three defense witnesses himself prior to trial, rather than relying on his private investigator. The state court found that petitioner was not prejudiced by his counsel's decision to rely on his investigator because, overall, the witnesses' testimony was favorable to petitioner. I again found that the court's conclusion was reasonable, and I do not believe that any jurists of reason would find otherwise.

In sum, none of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Accordingly, for the same reasons as set forth in my July 13, 2007, Decision and Order, petitioner has not made a substantial showing of the denial of any constitutional right.

**Therefore,**

**IT IS ORDERED** that Rick A. Holtz's motion for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13 day of August, 2007.

/s
LYNN ADELMAN
District Judge